IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

JIMMY D. BROWNING, #145211                                                                PLAINTIFF

VERSUS                                                         CIVIL ACTION NO. 3:19-cv-495-HTW-LRA

MISSISSIPPI DEPARTMENT OF CORRECTIONS                                        DEFENDANT

MEMORANDUM OPINION AND ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. Plaintiff Jimmy D. Browning filed this § 1983 civil action on July 16, 2019. Compl. [1]. Plaintiff is an inmate incarcerated by the Mississippi Department of Corrections at the East Mississippi Correctional Facility, Meridian, Mississippi. *Id*. at 2. The Defendant is the Mississippi Department of Corrections. *Id.* at 1-2. After consideration of the record and relevant legal authority, and for the reasons discussed below, the Court finds that this civil action should be dismissed without prejudice for Plaintiff's failure to comply with the Orders of the Court.

I. BACKGROUND

The Court entered an Order [6] on August 16, 2019, directing Plaintiff to file a written response providing information concerning the claims in his Complaint [1]. Plaintiff was directed to file his written response to that Order [6] on or before September 9, 2019. Plaintiff had been warned in the previous Order [3] of the Court that failure to comply with an Order of this Court or failure to advise of a change of address could result in the dismissal of this civil action. The envelope [7] containing the Order [6] was returned by the postal service with a notation "Return to Sender, Not Deliverable as Addressed, Unable to Forward" and a handwritten note "not here." Even though Plaintiff was warned that failure to comply with the Order or failure to provide the Court with a change of address could result in the dismissal of the instant civil action, Plaintiff failed to comply with the Order [6] or contact the Court concerning this case.

Because Plaintiff did not comply with the Order [6], the Court then entered an Order [8] to Show Cause on September 16, 2019. The Order [8] to Show Cause directed Plaintiff to file on or before October 8, 2019, a written response providing information concerning the claims in his Complaint [1]. The envelope [9] containing that Order [8] to Show Cause was returned by the postal service with a notation "Return to Sender, No Such Street, Unable to Forward" and a handwritten note "released." Even though Plaintiff has not complied and has not provided the Court with a change of address, the Court provided Plaintiff with a final opportunity to comply with the Orders [6, 8] directing Plaintiff to file a response and provide the information needed by the Court to screen Plaintiff's Complaint [1]. *See* Second and Final Order to Show Cause [10].

On October 23, 2019, a Second and Final Order to Show Cause [10] was entered directing Plaintiff to file a response on or before November 7, 2019, and provide the information needed by the Court to screen Plaintiff's Complaint [1]. *Id*. at 2. Plaintiff was warned that failure to comply with the Order [10] or failure to advise of a change of address would lead to the dismissal of the instant civil action without further notice. *Id*. Plaintiff has not complied.

## II.　DISCUSSION

The Court has the authority to dismiss an action for Plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte. *See Link v. Wabash Railroad*, 370 U.S. 626, 630-31 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its "calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars" of the Court. *Id.* at 629-30.

Plaintiff did not comply with the Orders [6, 8, 10] entered by the Court even after being warned several times in previous Court documents that failure to do so could result in the dismissal of his case.  Order [3] at 2; Order [4] at 2.  Plaintiff has not complied with the Court's Order or otherwise contacted the Court since July 31, 2019.  Such inaction presents a clear record of delay or contumacious conduct by Plaintiff.  It is apparent that Plaintiff no longer wishes to pursue this lawsuit.  As the record demonstrates, lesser sanctions than dismissal have not prompted "diligent prosecution," but instead such efforts have proven futile.  *See Tello v. Comm'r.*, 410 F.3d 743, 744 (5th Cir. 2005).  Dismissal without prejudice is warranted.

### III.   CONCLUSION

For the reasons stated herein, this civil action will be dismissed without prejudice.

IT IS, THEREFORE, ORDERED AND ADJUDGED that this civil action is dismissed without prejudice for failure to obey the Court's Orders and to prosecute.  A separate final judgment will be entered pursuant to Federal Rule of Civil Procedure 58.

SO ORDERED, this the 3rd day of December, 2019.

/s/HENRY T. WINGATE
UNITED STATES DISTRICT JUDGE